UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BARRINGTON K. BROWN,** )<br>)<br>Plaintiff, )<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>Defendant. )<br>_____) | Civil Action No. 07-0698 (RMC) |

### DEFENDANT'S MOTION TO DISMISS

Pursuant to Fed.R.Civ.P. 8(a), Defendant, the United States of America, by and through undersigned counsel, respectfully moves for an order dismissing Plaintiff's Complaint for failure to set forth a short and plain statement of the claims, and the grounds for the Court's jurisdiction.

By filing this motion, Defendant does not waive any defenses that may be available including, but not limited to, the defenses available under Rule 12(b). In support of this motion, Defendant relies upon the accompanying Memorandum of Points and Authorities. A proposed Order is attached.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR No. 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR No. 434122
Assistant United States Attorney

  /s Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Civil Division
Washington, DC  20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BARRINGTON K. BROWN,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 07-0698 (RMC) |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Pursuant to Fed.R.Civ.P. 8(a) Defendant, by and through undersigned counsel, respectfully moves this Court for an order dismissing Plaintiff's Complaint for failure to set forth a short and plain statement of the claims, and the grounds for the Court's jurisdiction.

### INTRODUCTION

Plaintiff *pro se*, filed this action against the United States of America. In his Complaint, Plaintiff complains that

> my condominium apartment has been bugged for sound. This continues. Further my condominium apartment has been bugged for sight (vision). This continues. My telephone is also bugged. I have also been subjected to significant periods and instances of sleep deprivation. This also continues. I first noticed that my apartment was bugged for sound after I sent my first letter to the President of the United States (dated April 9, 2002), concerning the solution to the Israeli-Palestinian conflict. I first noticed that my apartment was bugged for sight after my October 28, 2005 submission to the Office of the House Minority Leader.

Complaint at 2.

Plaintiff's Complaint further states that he consulted with two physicians concerning this matter, and that they have prescribed for him the medications Zoloft and Ambien CR. Complaint

at 3.  Additionally, Plaintiff alleges that, since writing to the President of the United States and to members of Congress, he has

> received a huge number of subtle death threats.  These illegal activities have been undertaken in order that my ideas (solutions) could be obtained at a price significantly below their true value.  These illegal activities have also been undertaken against me for general harassment, humiliation, torture and persecution.

Complaint at 4.

In sum, Plaintiff appears to complain that his apartment is bugged, that he has been subjected to sleep deprivation, and that he is receiving death threats.  *Id.* at 2-4.  Plaintiff also appears to believe there is a nexus between the events he complains of and his letters to the President and members of Congress, in which he proposed to meet with the President and various members of Congress to discuss solutions to the situation in Iraq and to the Israeli-Palestinian conflict.  *Id.* at 4.  Plaintiff seeks to have his claim heard before a jury trial and requests that the Court order

> a cessation of each and all of these activities.  I am requesting that if these activities are continued or occur after the court ordered cessation date, that I be granted financial compensation.

*Id.*

## ARGUMENT

**I.  Rule 8 of the Federal Rules of Civil Procedure Requires that a Complaint Set Forth a Short and Plain Statement of the Claims, and the Grounds for the Court's Jurisdiction.**

The principal function of a Complaint is to give the Defendant "fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of res judicata is applicable."

*Brown v. Califfano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (dismissing *pro se* Plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action), (*citing* 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217). Rule 8(a), specifically, sets forth the general standards that a complaint filed in federal court must meet, including "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As the Supreme Court recently clarified in *Bell Atlantic Corp. v. Twombly*,

> a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions . . . . [f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true . . . .

127 S. Ct. 1955, 1959 (U.S. May 21, 2007) (NO. 05-1126). The Supreme Court further elaborated that this standard "reflects Rule 8(a)(2)'s threshold requirement that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.*

**II.    The Complaint Fails to Set Forth a Short and Plain Statement of the Claims, and the Grounds for the Court's Jurisdiction.**

Plaintiff's Complaint refers to a series of events and, in effect, invites the reader to draw its own inferences and conclusions regarding the Court's jurisdiction, the claims Plaintiff may be asserting, and the bases upon which Plaintiff may be entitled to relief. *See* Complaint, *generally*. Clearly, the Complaint fails to provide Defendant with clear and adequate notice of all the facts underlying the Complaint, and the applicable law at issue. *See Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111 (D.C. Cir. 2000)(under Rule 8, Plaintiff is required to give the Defendant fair notice of each claim and its basis.)(citations omitted). For example, the Complaint fails to allege

Plaintiff's basis for his belief that his condominium and his telephone are bugged, much less the basis for his belief that agents for the United States are involved. *See* Complaint at 2, 4. Further, Plaintiff fails to link, or otherwise provide a causal connection between, any acts by the President of the United States or any members of Congress and these events, other than to allege generally that the events began after Plaintiff wrote letters to the President and certain members of Congress. *Id.* at 2. As currently drafted, Plaintiff's Complaint fails to satisfy the standard set forth by the Supreme Court, that a plaintiff's allegations must rise "above the speculative level." *See Bell Atlantic Corp. v. Twombly* at 1959.

      The Court may dismiss a complaint that fails to comply with Rule 8(a). Fed.R.Civ.P. 41(b). Because Plaintiff's Complaint is so vague and ambiguous with respect to the grounds for this Court's jurisdiction, the claims Plaintiff is asserting, and the applicable law, Defendant has been deprived of an opportunity to frame a responsive pleading. As written, Defendant cannot properly answer or otherwise respond to the Complaint. Neither Defendant, nor the Court, should be forced to attempt to guess at the claims Plaintiff is asserting. Nor should Defendant risk waiving defenses if it cannot properly determine the claims Plaintiff is pursuing. Accordingly, Defendant moves that the Complaint be dismissed for failure to meet the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P.8(a).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint.

                                        Respectfully submitted,

                                        _____
                                        JEFFREY A. TAYLOR, D.C. BAR No. 498610
                                        United States Attorney

                                        _____
                                        RUDOLPH CONTRERAS, D.C. BAR No. 434122
                                        Assistant United States Attorney

                                        /s Sherease Louis
                                        SHEREASE LOUIS
                                        Special Assistant United States Attorney
                                        Judiciary Center Building
                                        555 Fourth Street, N.W., Civil Division
                                        Washington, DC  20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BARRINGTON K. BROWN,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 07-0698 (RMC) |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of May, 2007, I caused the foregoing to be served first class mail, postage prepaid, addressed as follows:

BARRINGTON K. BROWN
1440 N Street, N.W., # 804
Washington, DC 20005


　　　　　　　　　　　　　　　　　　　　/s Sherease Louis
　　　　　　　　　　　　　　　　　　　SHEREASE LOUIS
　　　　　　　　　　　　　　　　　　　Special Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BARRINGTON K. BROWN,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-0698 (RMC) |
| **UNITED STATES OF AMERICA,** | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss. Upon consideration of this Motion, the grounds stated therefor and the entire record of this case, it is this _____ day of _____, 2007, hereby

**ORDERED** that Defendant's Motion be and hereby is GRANTED; and it is

**FURTHER ORDERED** that the Complaint is dismissed.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Shereasе Louis
Special Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Civil Division
Washington, DC 20530

Barrington K. Brown, Ph.D
1440 N Street, N.W., # 804
Washington, DC 20005