UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **BARRINGTON K. BROWN, Ph.D.** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**THE UNITED STATES OF AMERICA** )<br>)<br>Defendant. )<br>) | Civil Action No. 07-00698 (RMC) |

## MEMORANDUM OPINION

Barrington K. Brown, Ph.D., is a social scientist who has written to the President of the United States and various members of the House of Representatives and the Senate offering to sell "solutions to such problems as the current situation in Iraq and the Israeli-Palestinian conflict." Compl. ¶ 2. He now complains that his condominium has been bugged for sound and sight and his telephone is bugged; he also suffers sleep deprivation. *Id.* He appears to attribute these events to the Government because he "first noticed that my apartment was bugged for sound after I sent my first letter to the President of the United States (dated April 9, 2002)." *Id.* Additionally, he states that he has

> received a huge number of subtle death threats. These illegal activities have been undertaken in order that my ideas (solutions) could be obtained at a price significantly below their true value. These illegal activities have also been undertaken against me for general harassment, humiliation, torture and persecution.

*Id.* Mr. Brown wants the Court to issue a cessation order. The United States has moved to dismiss Plaintiff's Complaint under Rule 8(a) of the Federal Rules of Civil Procedure. Dr. Brown opposes

that motion. Federal courts are courts of limited jurisdiction. The Complaint contains no "short and plain statement of the grounds upon which the court's jurisdiction depends" or the basis on which Dr. Brown is entitled to relief, as required by Rule 8(a). It will be dismissed without prejudice.

Rule 8(a) states:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a). Dr. Brown is proceeding *pro se* so his pleadings are entitled to a liberal reading but he still must comply with the Rules of Procedure. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). A complaint must state the grounds for the court's jurisdiction and the reason(s) why the plaintiff is entitled to relief. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

Dr. Brown asserts that he "hope[s] that the Court determines that the complaint was written with the greatest degree of brevity, given the circumstances, and clarity." Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp.") at 1. The Court agrees that Dr. Brown has written his Complaint "with the greatest degree of brevity." *Id.* That is not the problem with it. The Complaint lacks any statement of the Court's jurisdiction: under what law or laws does Dr. Brown proceed? The Complaint also lacks any basis to connect the Defendant United States with the wrongs of which it complains beyond pure speculation. For these reasons, and not because it is

too lengthy, the Complaint fails in its most basic adherence to Rule 8(a) of the Federal Rules of Civil Procedure and must be dismissed without prejudice.  Plaintiff may file an amended complaint by no later than November 19, 2007 that complies with Rule 8(a).  If Mr. Brown files an amended complaint that merely recycles the complaint presently before the court it may be dismissed with prejudice and the case will then be closed.

For the foregoing reasons, the Court will grant the Government's motion to dismiss Plaintiff's Complaint [Dkt. # 5] without prejudice.

A separate order accompanies this Memorandum Opinion.


Date:  October 19, 2007                             /s/
                                              ROSEMARY M. COLLYER
                                              United States District Judge